IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 16-cv-01493-PAB-STV

JOHN NESAVICH d/b/a/ Nesavich Properties LLC,
JUDY NESAVICH d/b/a/ Nesavich Properties LLC, and
NESAVICH PROPERTIES, LLC,

    Plaintiffs,

v.

AUTO-OWNERS INSURANCE COMPANY, a Michigan Insurance Company,

    Defendant.

# ORDER

This matter is before the Court on Plaintiff's [sic] Motion for Defendant to Submit to the Appraisal Provision Pursuant to the Terms of its Policy and Motion to Stay Proceedings Pending Completion of Appraisal [Docket No. 26].

This is an insurance dispute. Plaintiffs claim that their property was damaged by a hail storm on or about May 21, 2014. Docket No. 2 at 2, ¶ 7. On May 17, 2016, plaintiffs filed their complaint, alleging that defendant Auto-Owners Insurance Company breached its insurance contract by failing to fully cover plaintiffs' hail damage and that defendant did so in bad faith. *Id*. at 1, 4-7. On April 10, 2017, plaintiffs filed the present motion, requesting that the Court compel an appraisal of the hail damage and stay the case pending completion of the appraisal. Docket No. 26.

In response, defendant argues that plaintiffs waived their right to an appraisal by delaying approximately eleven months after filing suit before requesting an appraisal.

Docket No. 27 at 9 (citing *City & Cty. of Denver v. Dist. Court,* 939 P.2d 1353, 1369 (Colo. 1997)). In reply, plaintiffs do not contest that their request would be untimely when evaluated under the factors for determining whether a request for alternative dispute resolution ("ADR") is untimely in *Dist. Court.* In fact, plaintiffs do not argue that their request for an appraisal is timely, other than making the conclusory assertion that they "may invoke the appraisal provision at any time." Docket No. 26 at 3. Instead, plaintiffs argue that the Court should apply an election of remedies analysis and find plaintiffs' request for monetary damages in their complaint is not inconsistent with the appraisal that they request. Docket No. 32 at 2 (citing *Sade v. N. Nat. Gas Co.*, 483 F.2d 230, 234 (10th Cir. 1973)).

Even assuming that plaintiffs' request for an appraisal is a remedy in this context and that it is consistent with a request for monetary damages, plaintiffs did not request an appraisal as relief in their complaint and plaintiffs provide no authority supporting their claim that a remedy can be invoked at any time so long as it is consistent with the other remedies requested. Docket No. 2 at 8; *see also* Fed. R. Civ. P. 15(a)(2) (requiring leave to amend) and 16(b)(3)(A) (requiring limitations on "time to . . . amend the pleadings); *cf. Sade*, 483 F.2d at 234 (analyzing the defendant's statute of limitations defense after concluding that the claim was not barred by the election of remedies doctrine). Rather, in order to determine whether a party has waived a right to ADR, courts look to factors including "(1) whether the party has actually participated in the lawsuit or has taken other action inconsistent with his rights; (2) whether litigation has substantially progressed by the time the intention to arbitrate was communicated by the party moving to dismiss; (3) whether there has been a long delay seeking a stay

and whether the defendant filed counterclaims without asking for a stay; (4) whether a request to compel arbitration was initiated close to trial; (5) whether the party seeking arbitration has taken unfair advantage of discovery proceedings which would not have been available in arbitration; and (6) whether the other party was affected, misled, or prejudiced by the delay." *Dist. Court*, 939 P.2d at 1369 (internal citations omitted); *see also Laredo Landing Owners Ass'n, Inc. v. Sequoia Ins. Co.*, No. 14-cv-01454-RM-KMT, 2015 WL 3619205, at *2 (D. Colo. June 10, 2015) (applying the *Dist. Court* factors to determine whether a motion for an appraisal was untimely). Applying these factors, the Court concludes that the first, second, third, and sixth factors strongly favor a finding that plaintiffs' request for a stay is untimely because the plaintiffs actively litigated the suit, which substantially progressed, over the approximately eleven months plaintiffs delayed in filing their motion. At this point, defendant would be prejudiced by having to participate in an appraisal after already engaging in extensive discovery. The other factors do not support either side. Thus, whether analyzed as an election of remedy or considered under traditional waiver analysis, the Court finds that plaintiffs waived their right to seek an appraisal. Wherefore, it is

**ORDERED** that Plaintiff's [sic] Motion for Defendant to Submit to the Appraisal Provision Pursuant to the Terms of its Policy and Motion to Stay Proceedings Pending Completion of Appraisal [Docket No. 26] is **DENIED**.

DATED March 29, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge