IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-01493-PAB-STV

JOHN NESAVICH d/b/a Nesavich Properties LLC,
JUDY NESAVICH d/b/a Nesavich Properties LLC, and
NESAVICH PROPERTIES, LLC,

　　　　Plaintiffs,

v.

AUTO-OWNERS INSURANCE COMPANY,

　　　　Defendant.
_____

# ORDER
_____

Magistrate Judge Scott T. Varholak

This matter is before the Court on Plaintiffs' Motion for Leave of Court to Make Supplemental Non-Retained Expert Disclosures (the "Motion") [#66], which was referred to this Court [#67]. The Court has considered the Motion and related briefing, arguments made at the January 19, 2018 Motion Hearing, the case file, and the applicable case law. For the following reasons, the Court **DENIES** the Motion.[1]

## I.　　BACKGROUND

This case arises out of an insurance coverage dispute between Plaintiffs and their property insurance provider, Defendant Auto-Owners Insurance Company, related to damage allegedly sustained by the property as a result of a hail/wind storm on or

---

[1] Numerous courts have found that "a magistrate judge's order that excludes a [party's] expert from testifying is not a dispositive ruling." *Sigler v. Coastal Chem, Inc.*, No. 06-CV-199-B, 2008 WL 11335006, at *2 (D. Wyo. June 19, 2008) (quotation omitted) (collecting cases).

about May 21, 2014. [#2 at ¶¶ 2-3, 7] The parties dispute the scope of the damage caused by the May 21, 2014 hail/wind storm. [*See, e.g.*, *id.* at ¶ 13]

On May 17, 2016, Plaintiffs filed the instant litigation in Colorado state court [#2], which Defendant removed to this Court on June 17, 2016 [#1]. The Court entered a Scheduling Order on December 14, 2016, which set May 1, 2017 as the deadline for affirmative expert disclosures, June 1, 2017 as the deadline for contradicting expert disclosures; and July 1, 2017 as the deadline for service of rebuttal opinions. [#25] The discovery cut-off was set for August 1, 2017. [*Id.*] On May 1, 2017, the Court granted a request to modify the Scheduling Order to extend each of those deadlines by one month. [#30] On June 1, 2017, Plaintiffs disclosed a single expert witness, Steve Patrick, to testify regarding bad faith denial of insurance. [#66 at 2] On June 30, 2017, Defendant disclosed the following six expert witnesses: (1) William Badini, a retained expert meteorologist; (2) Peter Marxhausen, a retained forensic engineer; (3) Jon F. Sands, a retained legal expert; (4) Travis Epley, a non-retained claims adjuster; (5) Steve Boyd, a non-retained engineer; and (6) Brian N. Standjord, a non-retained engineer. [#66-1] The Court subsequently granted several extensions of the discovery period [#35, 39, 53, 64], which ultimately closed on February 9, 2018 [#64].

On April 10, 2017, Plaintiffs filed a Motion for Defendant to Submit to the Appraisal Provision Pursuant to the Terms of Its Policy and Motion to Stay Proceedings Pending Completion of Appraisal (the "Motion for Appraisal"). [#26] On October 2, 2017, while the Motion for Appraisal was still pending, Defendant filed a Motion for Summary Judgment. [#36] Of relevance here, Defendant's Motion for Summary Judgment argues that "Plaintiffs' failure to endorse any expert witness to testify that the

2

purported damage[s] to [the] roof of the Property was a direct physical result of a May 21, 2014, hailstorm precludes any additional coverage under the Policy" and that "Plaintiff[s'] failure to endorse any experts to refute [Defendant's] engineers' repair recommendations for limited damage to the HVAC systems and windows, also precludes any claims for additional, more expensive repair demands from the Plaintiffs." [#36 at 1] On October 24, 2017, Plaintiffs responded to the Motion for Summary Judgment, arguing, in relevant part, that "Plaintiffs need not endorse an expert in this case to prove the physical damages alleged in the Complaint."[2] [#42 at 10] On November 7, 2017, Defendant filed its reply in support of the Motion for Summary Judgment, "disagree[ing] with Plaintiffs' assertion that no expert testimony is necessary to prove damages and causation in this case."[3] [#47 at 8]

On December 27, 2017, almost seven months after the June 1, 2016 deadline for affirmative expert disclosures, Plaintiffs served Defendant with their Second Supplemental Federal Rule of Civil Procedure 26(a)(2) Expert Disclosures (the "Supplemental Disclosure"). [#66-2] The Supplemental Disclosure purports to disclose three non-retained expert witnesses: (1) David Draper, an engineer hired to evaluate the mechanical systems at Plaintiffs' property; (2) Steven Thomas, who performed forensic roof desaturation analysis on the roofs of the property; and (3) Jason Price, the

---

[2] On February 9, 2018, with leave of the Court [#74, 78], Plaintiffs filed an amended response to the Motion for Summary Judge incorporating additional evidence obtained through discovery after their initial response was filed. [#79] The amended response included the same argument regarding Plaintiffs' ability to prove a prima facie case without expert testimony. [*Id.* at 10]

[3] Defendant filed an amended reply in support of its motion for summary judgment on February 26, 2018 to respond to the amended response filed by Plaintiffs. [#80] Defendants' argument disputing Plaintiffs' contention that no expert testimony was required to prove causation and damages was substantively unchanged from the original reply. [*Compare* #80 at 7-9 *with* #47 at 8-10]

public adjuster for Plaintiffs prior to the commencement of the litigation (collectively, the "Unretained Expert Witnesses"). [*Id.*] On December 28, 2017, Plaintiffs filed the instant Motion seeking leave of the Court to make the Supplemental Disclosure of the Unretained Expert Witnesses. [#66] On January 11, 2018, Defendant responded to the Motion [#69], and Plaintiffs then filed a reply in support of the Motion [#70]. The Court heard oral argument on the Motion on January 19, 2018. [#71, 73]

On March 29, 2018, this Court conducted the Final Pretrial Conference and entered the Final Pretrial Order. [#88, 89] On that same day, the Presiding District Judge denied Plaintiffs' Motion for Appraisal. [#90] Defendant's Motion for Summary Judgment remains pending before the Court. The Trial Preparation Conference is set for July 27, 2018 and a five-day jury trial is set to commence on August 13, 2018. [#88]

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26 provides, in relevant part, that a party "must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705."[4] Fed. R. Civ. P. 26(a)(2)(A). Such disclosures must be made "at the times and in the sequence that the court orders. Fed. R. Civ. P. 26(a)(2)(D). Rule 26(e) provides:

> A party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure or response:
>
> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
>
> (B) as ordered by the court.

---

[4] Federal Rules of Evidence 702, 703, and 705 all relate to the testimony of expert witnesses.

4

Federal Rule of Civil Procedure 37(c) states, in relevant part, that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

"The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir.1999) (quotation omitted). In *Woodworker's*, the Tenth Circuit identified the following four factors for courts to consider in determining whether the failure to disclose is substantially justified or harmless: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability to cure the prejudice; (3) the potential for trial disruption; and (4) the non-disclosing party's bad faith or willfulness. *Id.*; *see also HCG Platinum, LLC v. Preferred Prod. Placement Corp.*, 873 F.3d 1191, 1200-01 (10th Cir. 2017) (holding that the *Woodworker's* factors "*should* guide the district court's exercise of discretion" (emphasis in original)). The violating party has the burden of demonstrating that the violation is justified or substantially harmless. *Bautista v. MVT Servs., LLC*, No. 16-CV-01086-NYW, 2017 WL 2082925, at *11 (D. Colo. Mar. 20, 2017); *E.E.O.C. v. Jetstream Ground Servs., Inc.*, No. 13-CV-02340-CMA-KMT, 2016 WL 1621829, at *2 (D. Colo. Apr. 25, 2016).

III. ANALYSIS

Plaintiffs concede that the deadline for disclosure of the Unretained Expert Witnesses was June 1, 2017 and thus that Plaintiffs' Supplemental Disclosure on December 27, 2017 was untimely. [#66 at 2, 6] Plaintiffs acknowledge that it was an

5

"error" for their counsel not to have disclosed the Unretained Expert Witnesses on June 1, 2017 [*id.* at 6] and that "[t]here is not a good reason that they weren't disclosed at that time" [#73 at 5:11-12]. Plaintiffs argue, however, that consideration of the four *Woodworker's* factors militates in favor of a finding of harmlessness and thus that they should be granted leave to make the untimely supplemental disclosure. [*Id.* at 3-6] The Court addresses each of the four *Woodworker's* factors in turn.

Plaintiffs contend that Defendant would not be surprised or prejudiced by the untimely disclosure of the Unretained Expert Witnesses, because all three of the witnesses were disclosed to Defendant before this litigation was even filed. [#66 at 3, 4, 5] Defendant does not dispute its awareness of the Unretained Expert Witnesses. Indeed, Mr. Draper and Mr. Thomas are expressly referenced in Plaintiffs' Complaint, and Mr. Price already was deposed as a fact witness in this litigation. [#2 at ¶ 16; #66 at 5] Defense counsel acknowledged that they were "a little bit surprise[ed]" that the Unretained Expert Witnesses were *not* disclosed by Plaintiffs on June 1, 2017. [#73 at 16:6-10] Nonetheless, Defendant argues that it was entitled to rely upon Plaintiffs' expert disclosure which only identified the retained, bad faith expert and that it would be severely prejudiced if the Court permits Plaintiffs to disclose the Unretained Expert Witnesses at this late stage of the case. More specifically, Defendant contends that it would be prejudiced because (1) Defendant's Motion for Summary Judgment, which is fully briefed and currently pending before the Court, would need to be rebriefed, as it is based in significant part on Defendant's argument that Plaintiffs' claims are not supported by expert opinion testimony; (2) Defendant would be required to have its experts redraft their expert reports to address the testimony offered by the Unretained

6

Expert Witnesses, which potentially also would require the experts to conduct additional testing;[5] and (3) the proceedings would need to be further delayed to allow time for Defendant to depose the Unretained Expert Witnesses and provide revised expert disclosures and summary judgment briefing. [#69 at 4-5; #73 at 16-21] The Court agrees that the additional burden, expense and delay that necessarily would result from the untimely disclosure constitutes prejudice to Defendant.

The Court next looks to whether this prejudice may be cured. At the Motion Hearing, the Court noted that the prejudice potentially could be mitigated by Plaintiffs reimbursing Defendant for the costs associated with the depositions of the Unretained Expert Witnesses and the additional briefing that would be required on Defendant's Motion for Summary Judgment. [#73 at 13-14] Plaintiffs responded that they would be willing to pay the costs associated with the depositions but would not agree to pay any costs associated with rebriefing the Motion for Summary Judgment. [*Id.* at 14] Plaintiffs also agreed to a continuation of all pretrial dates but did not offer any further redress to cure the prejudice that would result. [*Id.* at 13]

The Court finds that, given Plaintiffs' considerable delay in bringing the instant Motion, there is no sufficient way to cure the significant prejudice that would result if Plaintiffs are permitted to disclose the three Unretained Expert Witnesses at this late stage in the case. If Plaintiffs were permitted to make the untimely disclosure, Defendant would be required to incur significant litigation expense over and above that which would have resulted from a timely disclosure. Although Defendant presumably

---

[5] In addition, Defendant argues that, to the extent additional testing is required, Defendant will be prejudiced because the condition of the roofs at issue have further deteriorated since the time of the storm at issue, making accurate testing more difficult. [#73 at 20]

would have taken the depositions of the Unretained Expert Witnesses if they had been timely disclosed, as a result of the untimely disclosure, Defendant would have to reengage its expert witnesses to revise their reports to account for the testimony of the Unretained Expert Witnesses. Similarly, Defendant's experts may be required to conduct additional testing that could have been more efficiently and effectively conducted as part of their initial reports if the Unretained Expert Witnesses had been timely disclosed. Perhaps most significant, the requested untimely disclosure would require the pending Motion for Summary Judgment to be rebriefed—a result that would have been unnecessary if Plaintiffs had timely disclosed the witnesses, or even sought the instant relief prior to filing its opposition to the Motion for Summary Judgment. Instead, for unexplained reasons, Plaintiffs waited over two months after filing their opposition to bring the instant Motion. In addition to the cost and inconvenience associated with these items, they also would result in significant delay of the resolution of this matter.

Turning to the third factor, the trial of this matter is set to commence on August 13, 2018. Allowing the requested untimely disclosure likely would significantly delay and therefore disrupt the current trial schedule. As noted above, if the instant Motion is granted, Defendant's experts would need time both to review the testimony of the Unretained Expert Witnesses and to revise their own expert disclosures to respond to that testimony, which also may require time for additional testing by Defendant's experts. Once this additional expert discovery is complete, the parties would then need to supplement the briefing on Defendant's Motion for Summary Judgment, which currently includes the argument that Plaintiffs cannot satisfy their burden of proof as a

result of their lack of expert testimony. It seems unlikely that the parties could complete this additional expert discovery and summary judgment briefing in advance of the August 13, 2018 trial, particularly given that they also need to prepare for trial during this period. It thus seems inevitable that, if the Motion is granted, the current trial schedule will be disrupted and the resolution of Defendant's Motion for Summary Judgment, which has been fully briefed and pending before the Court for several months, also would be significantly delayed.

With regard to the final factor, there is no indication in the record that Plaintiffs' untimely disclosure of the Unretained Expert Witnesses was undertaken in bad faith and the Court does not discern any advantage Plaintiffs stood to gain by not timely disclosing the Unretained Expert Witnesses. That said, Plaintiffs' decision not to disclose the Unretained Expert Witnesses does appear to have been intentional. In response to Defendant's argument in the Motion for Summary Judgment that Plaintiffs' claims were unsupported by necessary expert testimony, Plaintiffs did not seek to disclose the Unretained Expert Witnesses, but instead argued that no expert testimony was necessary and that the Unretained Expert Witnesses could testify as percipient witnesses. The Court thus finds that Plaintiffs' conduct constitutes a lack of diligence in formulating their litigation strategy rather than bad faith. *Young v. Brock*, No. 10-CV-01513-WJM-CBS, 2014 WL 788036, at *3 (D. Colo. Feb. 27, 2014). Because the Court "cannot encourage" such a lack of diligence, the Court finds this factor neutral. *Id.*

Weighing all the factors, the Court finds that Plaintiffs should not be permitted to make the untimely disclosure of the Unretained Expert Witnesses. Allowing the disclosure at this late stage in the case would result in significant delay and prejudice to

Defendant. The Court perceives no means, at this late stage in the proceedings, sufficient to adequately cure that prejudice. Although Plaintiffs do not appear to have acted in bad faith, this alone does not outweigh the other *Woodworker's* factors or otherwise justify the untimely disclosure. "Plaintiff[s] should not be permitted to ignore [their] disclosure obligations and then avoid sanctions simply by claiming [their] deficiencies were not willful." *Scholl v. Pateder*, No. 1:09-CV-02959-PAB, 2011 WL 3684779, at *5 (D. Colo. Aug. 22, 2011) (quotation omitted; alterations in original).

IV. **CONCLUSION**

For the foregoing reasons, the Court **DENIES** the Motion.

DATED: April 3, 2018

BY THE COURT:

  s/Scott T. Varholak
United States Magistrate Judge